ROLLY VANDERGRIF, Respondent, v. ALLIE BROCK, Appellant.

St. Louis Court of Appeals, May 7, 1901.

1. **Equity**: PRACTICE, TRIAL: PRACTICE, APPELLATE: INCOMPETENT TESTIMONY: DECREE. In equity cases, the established rule in the decision of appeals is, that the appellate courts will not reverse a case for the admission of incompetent testimony, if, exclud-

Vandergrif v. Brock.

ing that from its view, there still remains a preponderance of competent testimony to support the decree of the lower court.

2. ———: ———: ———: NOTES, PARTIAL PAYMENTS OF: RECEIPTS: RECORD: FRAUD. In the case at bar, the record shows that the plaintiff was wholly illiterate, being unable to read or write, and that he was informed when he made partial payments on a note which was secured by a deed of trust on his land, that papers then signed by him were receipts for such payments, when in truth such papers turned out to be further notes or obligations to pay; that this system of imposture and deceit characterized the conduct of defendant and his agents in all their dealings with plaintiff.

3. ———: ———: CONSIDERATION OF DEED: DECREE. And in the case at bar, a decree ordering the cancellation of the deed of trust by marginal satisfaction of the record or a reconveyance of the property by deed of release, was proper.

Appeal from Lawrence Circuit Court.—*Hon. J. C. Lamson,* Judge.

AFFIRMED.

### STATEMENT OF THE CASE.

The petition in this case alleges that on the first day of October, 1894, plaintiff executed a deed of trust, duly recorded in Lawrence county, upon a tract of land of forty acres, to secure his note for one hundred and twenty dollars, which he had borrowed from the firm of Swinney & Brock, making one of said co-partners (J. Brock) the trustee in said deed of trust, and the other (W. G. Swinney) the payee in said note; that upon the dissolution of said firm, the note in question was assigned by the payee to Allie Brock, the wife of the said J. Brock; that at the time of said assignment and prior thereto, said Allie Brock executed and received from plaintiff large sums of usurious interest on said note, misleading plaintiff in respect thereto by representing to him that such sums would be

applied to the discharge of the principal and legal interest due on said note, which would be credited therewith as partial payments; that her method of accomplishing this fraud was to require plaintiff, who could neither read nor write, to execute upon the occasion of each payment by him on the note, a new contract or note for further interest, representing to him that he was thereby becoming a party to a paper which evidenced a receipt to him for payments. Plaintiff states that he has thus paid the entire amount of said note of one hundred and twenty dollars, and all the legal interest accrued thereon, and is entitled to have the deed of trust securing the same released and cancelled of record; that he has requested defendant, Allie Brock, to execute to him a sufficient deed of release of said deed of trust, and has tendered such a deed of release in proper form for that purpose to her, together with all legal interest and proper costs incident to its execution; that she has wholly failed and refused to comply with such demand, or to acknowledge satisfaction of said deed of trust on the margin of the record, and is threatening to foreclose the same and to apply the proceeds of such foreclosure to the payment of the principal of said note. The petition concludes with a prayer for an accounting and a decree requiring defendant, either to acknowledge satisfaction of said deed of trust on the margin of the record thereof, or to execute to plaintiff a good and sufficient deed of release of the property conveyed thereunder, and for general relief.

The answer was a general denial, and a further averment that there was due on the note in the hands of defendant the sum of $143.94, and that the same belonged to the defendant.

The cause was submitted to the court sitting as a chancellor, and a decree rendered, finding the issues in favor of plaintiff, setting forth a description of the land and concluding with a judgment requiring defendant *"Allie Brock either to*

*acknowledge satisfaction of said deed of trust on the margin of the record, or to deliver to plaintiff a sufficient deed of release thereof within thirty days."*

From this decree defendant took an appeal to this court, which thereafter transferred the cause to the Supreme Court as one involving the title to land in a constitutional sense. Thereupon, the Supreme Court, by its mandate on file in this cause, re-transferred the cause to this court, for the reason that Division One of that court was of the opinion that the decree rendered did not involve the title to real estate; in conformity to which mandate it becomes our duty to dispose of the appeal taken herein.

*N. Gibbs* and *Samp Jennings* for appellant.

(1)    An agent for loaning money may take a reasonable commission from the borrower even with the knowledge of the lender, and still the transaction will not be usurious, though full amount of interest reserved to the lender be the full lawful interest.    Landis v. Saxton, 89 Mo. 389.    It has been often held that if the lender's agent exacts a bonus from the borrower, which, together with the interest received, goes beyond the lawful rate, but in which the lender has no interest, and of which he has no knowledge, the loan is not usurious. Brown v. Archer, 62 Mo. App. 286.    In this case there is neither allegation nor testimony that W. G. Swinney ever had any knowledge or interest in the $30 commission note, made payable to J. Brock and taken by him at the time of the loan, and introduced by plaintiff and for which he asks credit for $30, or that he ever had any knowledge or interest in the other contracts or notes introduced by plaintiff.    Neither is there any evidence that defendant ever had any knowledge or interest in said notes.    Plaintiff can not get credit on this note for any

usury (if any) he may have paid to J. Brock on other notes belonging to W. G. Swinney or owned by Mrs. Brock, the defendant. He can only get credit on this note in controversy for whatever usury (if any) he may have paid on this note. Usury can not be recovered back. Kirkpatrick v. Smith, 55 Mo. 389; Ransom v. Hays, 39 Mo. 447; Nelson v. Betts, 21 Mo. App. 234. (2) When transactions are had with an agent, or with one member of a firm, and the agent or contracting member of the firm is dead, then the other party can not testify as to admissions and declarations of the deceased. Williams v. Edwards, 94 Mo. 451; Nichols, Shephard & Co. v. Jones, 32 Mo. App. 665; Butts v. Phelps, 79 Mo. 303-4; Stanton v. Ryan, 41 Mo. 514. "The same rule of exclusion prevails in such cases as prevails in regard to a surviving party to a contract." Wendover v. Baker, 121 Mo. 297. In Williams v. Edward, supra, and Wendover v. Baker, the testimony held incompetent was as to the payment and settlement of notes with an agent, and this was held incompetent because the agent was dead.

No brief furnished for respondent.

BOND, J.—The evidence adduced on the trial preponderates in favor of the following facts: That J. Brock and his sister-in-law, Mrs. M. E. Swinney, were engaged in the business of lending money on chattel mortgages at usurious rates of interest; that the note in suit was given by plaintiff, payable to M. E. Swinney or bearer upon a payment at the time of its execution of thirty dollars under the guise of compensation for services, but in fact as illegal interest; that exactions of a similar nature were made upon plaintiff for the next two years which aggregated a sum equal to the face of the note and legal interest thereon; that all these payments were

made to said Brock or his agents; that after the death of the said Brock (1896) the note in question, being among his papers, was taken possession of by defendant; that she paid nothing as a consideration therefor, nor is there any evidence whatever that she furnished the loan for which the note was given. On the other hand, the proof is, that this was done by Mrs. M. E. Swinney; that upon the dissolution of the co-partnership between J. Brock and Mrs. M. E. Swinney, the said note was allotted, in the division of the assets, to J. Brock.

The statements of plaintiff that he made payments sufficient to extinguish this note, to J. Brock, are corroborated by the independent testimony of other witnesses, and also by the testimony of another witness that, in his lifetime, J. Brock admitted that plaintiff was entitled to a surrender of the papers executed by him in connection with this loan. Under this state of the evidence, it is wholly immaterial as to the competency of plaintiff to testify to the transactions between himself and J. Brock, the latter being dead. For, the established rule in the decision of appeals in equity cases is, that the appellate courts need not reverse for the admission of incompetent testimony, if, excluding that from its view, there still remains a preponderance of competent testimony to support the decree of the lower court. Hall v. Hall, 77 Mo. App. l. c. 606.

The record shows plaintiff in this case was wholly illiterate, being unable to read or write, and that he was informed when he made partial payments, that papers then signed by him were receipts for such payments, when in truth such papers turned out to be further notes or obligations to pay; that this system of imposture and deceit characterized the conduct of Brock and his agents in all their dealings with the plaintiff. We are entirely satisfied with the conclusion reached on the trial by the learned chancellor. His decree ordering the cancellation of the deed of trust by marginal satisfaction of the

record or a reconveyance of the property by a deed of release, is in exact accord with the rule affirmed by Division One of the Supreme Court, in an opinion written by the learned judge whose mandate accompanies the retransfer of this case. First National Bank of Carthage v. Mutual Ben. Life Ins. Co. of Newark, 145 Mo. 1. c. 131-142. In the case cited, the amount involved was within the pecuniary limit of the jurisdiction of this court, notwithstanding which fact, jurisdiction of the appeal was held to be in the Supreme Court; neither is the case cited alluded to in the opinion retransferring the present cause to this court. Moreover, in the case of Strine v. Williams, 60 S. W. Rep. 1060, Division One of the Supreme Court entertained jurisdiction of an appeal from a decree of the circuit court perpetually enjoining the foreclosure of a deed of trust on the ground of payment, which had been taken to the Kansas City Court of Appeals, and by it transferred to the Supreme Court as involving the title to real estate. In the able opinion delivered in that case, the learned judge whose opinion caused the retransfer of the one at bar to this court, is marked as fully concurring. It may also be noted that the latter opinion was delivered *since* the one whereby this cause was returned to this court.

For the foregoing reasons, we affirm the judgment of the lower court, decreeing a divestiture of title to the land conveyed by plaintiff. All concur.